UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEGGY ZAHN,<br><br>                        Plaintiff,<br><br>v.<br><br>NORTH AMERICAN POWER & GAS,<br>LLC,<br><br>                       Defendant. | Civil Action No. _____<br><br>Class Action Complaint |

Plaintiff Peggy Zahn, by her attorneys, Gordon Law Offices, Ltd. and Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as and for her class action complaint, alleges, with personal knowledge as to her own actions, and upon information and belief as to those of others, as follows:

**Nature Of This Case**

1.      This action seeks to redress the deceptive pricing practices of North American Power & Gas, LLC ("North American Power") that have caused thousands of Illinois consumers to pay considerably more for their electricity than they should otherwise have paid.

2.      North American Power engages in a classic bait-and-switch deceptive marketing scheme aimed at consumers hoping to save on the cost of electricity.  North American Power lures consumers into switching by offering a teaser rate that is lower than local utilities' rates for electricity supply.  When the teaser rate expires after a couple of months, Defendant switches customers to a viable rate, which North American Power represents is based on market  pricing.

3.     These representations are misleading.  In fact, North American Power's electricity rates are substantially higher than market rates, they are not competitive, and they do not reflect the cost of purchasing electricity on the wholesale market.  As a result, Illinois consumers are being fleeced millions of dollars in exorbitant charges for electricity.

4.     This suit is brought pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS § 505/1, *et seq*. and the common law of Illinois on behalf of a class of Illinois consumers who purchased electricity from North American Power from October 24, 2004 to the present.  It seeks, *inter alia*, actual damages and refunds, treble damages, punitive damages, attorneys' fees, and the costs of this suit.

## Parties

5.     Plaintiff Peggy Zahn is a citizen of Illinois residing in Libertyville.  Ms. Zahn has been a North American Power customer since August 2012 and, as a result of Defendant's deceptive conduct, incurred excessive charges for electricity.

6.     Defendant North American Power & Gas, LLC is a limited liability company organized under the laws of Delaware whose principal place of business is located at 20 Glover Avenue, Suite 300, Norwalk, Connecticut, 06851.  Defendant has thousands of customers in Illinois, and it has tens of millions of dollars in combined revenues.

## Jurisdiction

7.     Defendant's status as a limited liability company renders it an "unincorporated association" pursuant to the Class Action Fairness Act ("CAFA"), and under CAFA, an unincorporated association is a citizen of the state where it has its principal place of business and the state under whose laws it is organized.  *See* 28 U.S.C. § 1332(d)(10).

8.      Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as minimal diversity exists, there are more than 100 class members, and the amount in controversy is in excess of $5 million.

## Operative Facts

9.      In 1997, the electric utility industry within the State of Illinois was restructured. Among the goals of the reorganization were increased competition and deregulation within the industry, with an eye towards achieving greater consumer choice and an overall reduction of energy rates.  As a result, the State's electric industry is open to competition, and consumers may choose their supplier of electricity.

10.     The new energy suppliers, who compete against local utilities such as Commonwealth Edison ("ComEd"), are known as Alternative Retail Electric Suppliers, or "ARES."  While ARES supply the power, the delivery of electricity to homes remains the job of the local utilities.

11.     As part of the deregulation plan, ARES (like North American Power) do not have to file the electricity rates they charge with the Illinois Commerce Commission or the method by which they set their rates.

12.     However, North American Power takes advantage of the deregulation and the lack of regulatory oversight in the energy market to deceptively charge Illinois consumers exorbitant rates for electricity.  In fact, North American Power's rates are substantially higher than other ARES or local utilities.

## North American Power Charges Deceptively High Electricity Rates

13.     North American Power engages in a classic bait and switch deception scheme. North American Power lures consumers into switching to its electricity supply service by offering teaser rates that are much lower than its regular rates.

14.     Plaintiff's experience was typical.  North American Power offered Ms. Zahn a rate that was slightly lower than her then-current rate and she agreed.

15.     Thereafter, North American Power sent Ms. Zahn its standard "welcome letter" that informs customers that after the initial rate expires, "[t]he electric plan is a market based variable rate." *See* Exhibit 1.  That welcome letter also represented that the initial rate would be $0.0499 per kilowatt hour.  When she received that letter, Plaintiff could have cancelled her decision to switch to North American Power.

16.     Defendant also provided Plaintiff and other Illinois customers with a "Electricity Sales Agreement Customer Disclosure Statement" that states that "[o]ther than fixed and/or introductory/promotional rates, all rates shall be calculated in response to market pricing, transportation, profit and other market price factors, plus all applicable taxes."  *See* Exhibit 2. Defendant further stated that North American Power's "price for all electricity sold under this [a]greement shall be a variable price based on the method stated above and market prices for commodity, transportation, balancing fees, storage charges, NAP fees, profit, line losses plus applicable taxes." *Id*.

17.     North American Power's representation that its rates are calculated in response to market pricing is false and misleading.  To the contrary, there are periods of time during the class period and during the time Plaintiff was a North American Power customer in which the market price of electricity declined or remained steady while North American Power's prices rose. North American Power does not disclose this material fact.  Even when North American Power's

price increases occur when market prices are also increasing, North American Power's price increases do not reflect market prices because North American Power prices rise substantially more than the rise in market prices justifies.  Similarly, when North American Power's prices decline the same time market prices decline, North American Power's prices do not decline nearly as much as market prices decline.  North American does not disclose this material fact to consumers.  Nor does North American Power disclose the fact that its rates are always higher than local utilities rates after the short-term teaser rate expires.

18.     In fact, from September 2012 until February 2014 (during which time Plaintiff was a North American Power customer), the price per kilowatt hour that North American Power charged went up from $0.05990 per kilowatt hour to $0.1599 per kilowatt hour, an increase of more than 100%.  At no time during this period did North American Power charge less than $0.05990 per kilowatt hour.  Furthermore, North American Power did not charge Plaintiff the promotional rate of $0.04990 per kilowatt hour during the first month of service as promised and instead charged Plaintiff $0.05990 per kilowatt.

19.     In contrast, the price that ComEd charged in September 2012 was $0.06935 per kilowatt hour, and it was only $0.05523 per kilowatt hour in February 2014.  At no time did ComEd charge more than $0.08324 per kilowatt hour.  In other words, while the local utility managed to lower electricity rates, North American Power's more than doubled.  In fact, North American Power's electricity rate was at one point almost three times higher than ComEd's rate.

20.     For example, from August 29, 2012 to October 1, 2012, Plaintiff paid $29.23 for 488 KWH, or $0.0599 per KWH.  If Plaintiff had purchased her electric supply from ComEd, she would have paid $33.84, or $0.06935 per KWH.  However, from February 3, 2014 to March

5, 2014, Plaintiff paid $98.98 for 619 KWH, or $0.1599 per KWH. If Plaintiff had purchased

her electric supply from ComEd, she would have paid $34.18, or $0.05523 per KWH.

21.     While local utilities' electricity rates may demonstrate less fluctuation over that of

the wholesale market, over time, the rates utilities like ComEd charge are an accurate reflection

of rates that are based on prevailing market conditions. In other words, the electricity rates that

utilities charge are an accurate measure of what market based rates should be. That North

American Power's rates were always substantially higher than ComEd's rates therefore

demonstrates that North American Power's rates are not in fact based on prevailing market

conditions.

22.     A reasonable consumer would understand that the price the local utility or other

ARES charges is part of prevailing market conditions and that a price based on prevailing market

conditions would be consistent with the price charged by the local utility or other ARES.

However, North American Power's prices are substantially higher than local utilities' rates as

well as the rates other ARES charge.

23.     All that North American Power offers customers is electricity delivered by local

utilities, a commodity that has the exact same qualities as electricity supplied by other ARES or

local utilities. Other than potential price savings, North American Power offers nothing of value

that other ARES or local utilities do not offer.

24.     The following table, which includes the monthly electricity rates charged by

North American Power to Plaintiff, the rates that would have been charged by ComEd, and the

applicable monthly weighted average prices from the Intercontinental Exchange data (the "ICE"

is a proper measure of wholesale prices) demonstrates that North American Power's rates are not

based on price changes in the market price of electricity:

| Billing Period | North American Power Per KWH | ComEd Per KWH | Intercontinental Exchange (ICE) data on Weighted Average Prices |
|---|---|---|---|
| 8/29/12-10/1/12 | $0.05990 | $0.06935 | $0.03127 |
| 10/1/12-10/30/12 | $0.05990 | $0.08324 | $0.03436 |
| 10/30/12-11/30/12 | $0.09990 | $0.08319 | $0.03713 |
| 11/30/12-1/2/13 | $0.09990 | $0.08319 | $0.03367 |
| 1/2/13-2/1/13 | $0.09990 | $0.08302 | $0.03348 |
| 2/1/13-3/5/13 | $0.09490 | $0.08302 | $0.03281 |
| 3/5/13 – 4/3/13 | $0.09490 | $0.08302 | $0.03808 |
| 4/3/13 - 4/30/13 | $0.09490 | $0.08302 | $0.04083 |
| 4/30/13 – 6/1/13 | $0.09990 | $0.08302 | $0.04286 |
| 6/1/13 – 7/2/13 | $0.09490 | $0.05511 | $0.04026 |
| 7/2/13 – 8/1/13 | $0.09490 | $0.05511 | $0.04203 |
| 8/1/13 – 8/30/13 | $0.09490 | $0.05511 | $0.03787 |
| 8/30/13 – 10/1/13 | $0.09990 | $0.05544 | $0.03863 |
| 10/1/13 – 10/29/13 | $0.09990 | $0.05505 | $0.03620 |
| 10/29/13 – 12/2/13 | $0.10190 | $0.05505 | $0.03521 |
| 12/2/13 – 1/2/14 | $0.10490 | $0.05505 | $0.04115 |
| 1/2/14 – 2/3/14 | $0.15990 | $0.05523 | $0.08221 |
| 2/3/14 – 3/5/14 | $0.15990 | $0.05523 | $0.07952 |
| 3/5/14 – 4/2/14 | $0.12990 | $0.05523 | $0.04497 |
| 4/2/14 – 4/30/14 | $0.13990 | $0.05523 | $0.03605 |
| 4/30/14 – 6/2/14 | $0.13990 | $0.07596 | $0.03541 |
| 6/2/14 – 7/1/14 | $0.12990 | $0.07596 | $0.03549 |

25.     Based on the data in this table, the following chart graphically demonstrates the

disconnect between North American Power's rates, ComEd's electricity rates, and wholesale

market prices:



26.     Thus, North American Power's statements with respect to the electric rates it will charge are materially misleading because customers do not receive a market based price or a rate that reflects the market pricing of electricity.  Instead, consumers are charged rates that are substantially higher.  North American Power fails to disclose this material fact to its customers.

27.     North American Power's statements regarding its electricity rates are materially misleading, as the most important consideration for any reasonable consumer when choosing an energy supplier is price.  No reasonable consumer who knows the truth about North American Power's exorbitant rates would choose North American Power as an electricity supplier.  Other than potential price savings, there is nothing to differentiate North American Power from other ARES or local utilities, and the potential for price savings is the only reason any reasonable consumer would enter into a contract for electricity supply with North American Power.

28.     North American Power intentionally makes these misleading statements regarding its electric rates so that reasonable consumers like Plaintiff would rely upon its statements and switch their electric supplier to North American Power.

## **Class Action Allegations**

29.     Plaintiff brings this action on her own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all Illinois State residents who were North American Power customers from October 24, 2004 to the present.

30.     Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise control or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

31.     This action is brought as a class action for the following reasons:

a.     The Class consists of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.     There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

i.     whether Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq*.;

ii.     whether Defendant breached its contract with Illinois consumers by charging a rate higher than that provided for in the agreement;

iii.     whether Defendant is being unjustly enriched by deceptively charging rates substantially over those available in the market;

iv.     whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

v.     whether Defendant should be enjoined from continuing to charge exorbitant rates based on undisclosed factors;

c.      The claims asserted by Plaintiff are typical of the claims of the members of the Class;

d.      Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including class litigation involving consumer protection and ARES;

e.      Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant;

f.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

i.      Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain their ill-gotten gains;

ii.     It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

iii.    When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv.     A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions;

v.      The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

vi.     Defendant has acted on grounds generally applicable to Class

members, making class-wide monetary relief appropriate.

32.     Defendant's violations of 815 ILCS § 505/1, *et seq*. and the common law are

applicable to all members of the Class, and Plaintiff is entitled to have Defendant enjoined from

engaging in illegal and deceptive conduct in the future.

### FIRST CAUSE OF ACTION
### (Violation of 815 ILCS § 505/1, *et seq*.)

33.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-32 above

as if fully set forth herein.

34.     The Illinois Consumer Fraud and Deceptive Business Practices Act

prohibits, *inter alia*:

> Unfair methods of competition and unfair or deceptive acts or practices, including
> but not limited to the use or employment of any deception, fraud, false pretense,
> false promise, misrepresentation or the concealment, suppression or omission of
> any material fact, with intent that others rely upon the concealment, suppression
> or omission of such material fact. . .

815 ILCS § 505/2.

35.     Defendant's misrepresentations and false, deceptive, and misleading

statements with respect to the rates it charges for electricity, as described above, constitute

affirmative misrepresentations in connection with the marketing, advertising, promotion, and

sale of electricity in violation of the Illinois Consumer Fraud and Deceptive Business

Practices Act.

36.     Defendant's false, deceptive, and misleading statements and omissions would

have been material to any potential consumer's decision to purchase electricity from North

American Power.

37.     Defendant also failed to inform customers that its rates are substantially

higher than those based on the market price of electricity. That information would have been material to any consumer deciding whether to purchase electricity from North American Power.

38.     Defendant made these false, deceptive, and misleading statements and omissions with the intent that consumers rely upon such statements.

39.     Plaintiff and the other members of the Class entered into agreements to purchase electricity from North American Power for personal use and suffered ascertainable loss as a direct and proximate result of Defendant's actions in violation of Illinois Consumer Fraud and Deceptive Business Practices Act.

40.     As a consequence of Defendant's wrongful actions, Plaintiff and the other members of the Class suffered an ascertainable loss of monies based on the difference in the rate they were charged versus the rate they would have been charged had North American Power charged a rate based on the market price of electricity or had they not switched to North American Power from their previous supplier.

41.     Plaintiff and other members of the Class suffered an ascertainable loss caused by Defendant's misrepresentations and omissions because they would not have entered into an agreement to purchase electricity from North American Power if the true facts concerning its rates had been known.

42.     By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for trebled compensatory damages; punitive damages; attorneys' fees, and the costs of this suit.

43.     Defendant's conduct was intentional, wanton, willful, malicious, and in blatant disregard of, or grossly negligent and reckless with respect to, the life, health, safety,

and well-being of Plaintiff and the other members of the Class. Defendant is therefore additionally liable for punitive damages, in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

44.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-43 above as if fully set forth herein.

45.     Plaintiff and the Class entered into valid contracts with North American Power for the provision of electricity supply.

46.     Under the contract, North American Power promised to charge a rate for electricity that is "market-based rate" and "shall be calculated in response to market pricing, transportation, profit and other market price factors, plus all applicable taxes."

47.     Pursuant to the contract, Plaintiff and the Class agreed to pay that rate, and they did so.

48.     However, North American Power failed to perform its obligations under the contract because it charged a rate for electricity that was not based on the factors upon which the parties agreed the rate would be based.

49.     The electricity rates, and the grounds on which North American Power could purportedly exercise its discretion to charge a variable rate, were material terms of the contract.

50.     Implied in the terms of the contract was a covenant of good faith and fair dealing. This implied covenant prevents North American Power from engaging in conduct, and exercising its discretion, in bad faith, unreasonably, or in a manner inconsistent with the reasonable expectations of the consumers.

51.     North American Power breached the implied covenant of good faith and fair

dealing by charging Plaintiff and other members of the Class exorbitant electricity rates. Under the terms of the contract, North American Power had the discretion to charge Plaintiff and the members of the class electricity that is "market-based rate" and "shall be calculated in response to market pricing, transportation, profit and other market price factors, plus all applicable taxes." North American Power's failure to exercise its discretion in good faith is evidenced by the electricity rates North American Power charged Plaintiff and other members of the Class which was not market based but was instead outrageously high and contrary to the reasonable expectations of the parties. North American Power charged electricity rates in bad faith, unreasonably and in a manger inconsistent with the reasonable expectations of Plaintiff and other members of the Class.

52. Plaintiff and the Class were damaged as a result because they were billed, and they paid, a charge for electricity that was higher than it would have been had North American Power based its rate on the agreed upon factors.

53. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus attorneys' fees.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

54. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-53 above as if fully set forth herein.

55. By engaging in the conduct described above, Defendant has unjustly enriched itself and received a benefit at the expense of Plaintiff and the other members of the Class and Defendant is required, in equity and good conscience, to compensate them for the damages that they have suffered as a result of Defendant's actions.

56.     It would be unjust for Defendant to retain the payments Plaintiff and the Class made for excessive charges.

57.     By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that the Court should enter judgment against Defendant as follows:

1.     Certifying this action as a class action, with a class as defined above;

2.     On Plaintiff's First Cause of Action, awarding against Defendant damages that Plaintiff and the other members of the Class have suffered;

3.     On Plaintiff's Second Cause of Action, awarding against Defendant damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions;

4.     On Plaintiff's Third Cause of Action, awarding against Defendant's damages that Plaintiff and the other members of the Class have suffered;

5.     Awarding Plaintiff and the Class punitive damages;

6.     Awarding Plaintiff and the Class interest, costs and attorneys' fees; and

7.     Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.


## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

Dated:      October 24, 2014

                                        **GORDON LAW OFFICES, LTD.**

By:     /s/ Richard R. Gordon
           Richard R. Gordon
           211 West Wacker Drive, Suite 500
           Chicago, IL 60606
           Tel: (312) 332-5200
           Fax: (312) 236-7727
           Richard.gordon@gordonlawchicago.com

                                          **FINKELSTEIN, BLANKINSHIP,**
                                        **FREI-PEARSON & GARBER, LLP**

By:     /s/ Todd S. Garber
           Todd S. Garber (*pro hac vice* to be filed)
           D. Greg Blankinship (*pro hac vice* to be filed)
           1311 Mamaroneck Avenue
           White Plains, New York 10605
           Tel: (914) 298-3281
           Fax: (914) 824-1561
           tgarber@fbfglaw.com
           gblankinship@fbfglaw.com

           *Attorneys for Plaintiff and the putative class*