CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals

For the Seventh Circuit

_____

No. 15-2332

PEGGY ZAHN,

                                                *Plaintiff-Appellant*,

*v.*

NORTH AMERICAN POWER & GAS, LLC,

                                                *Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 8370 — **Virginia M. Kendall**, *Judge*.

_____

ARGUED DECEMBER 2, 2015 — DECIDED FEBRUARY 8, 2017

_____

Before KANNE and SYKES, *Circuit Judges*, and GILBERT, *District Judge*.[*]

KANNE, *Circuit Judge*. Peggy Zahn filed a class-action complaint against North American Power & Gas, LLC ("NAPG")—an Alternative Retail Electric Supplier—alleging violations of the Illinois Consumer Fraud and Deceptive

_____

[*] The Honorable J. Phil Gilbert, of the United States District Court for the Southern District of Illinois, sitting by designation.

Business Practices Act, breach of contract, and unjust enrichment. NAPG moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim. The district court granted NAPG's motion to dismiss for lack of subject-matter jurisdiction, believing that "Illinois law grants the [Illinois Commerce Commission ("ICC")] exclusive jurisdiction over the matter." *Zahn v. N. Am. Power & Gas, LLC*, No. 14 C 8370, 2015 WL 2455125, at *3 (N.D. Ill. May 22, 2015). The district court alternatively granted NAPG's motion to dismiss for failure to state a claim, addressing the merits of the suit. This appeal followed.

In our original opinion in this case, we described NAPG's argument that the district court lacked subject-matter jurisdiction as "miscast." *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).[1] We explained that states, including Illinois, do not have the constitutional authority to limit a district court's jurisdiction; that power lies exclusively with Congress. We noted, however, that states do "have the power to prevent the federal court from granting relief in a diversity case by denying the substantive right of action asserted." *Id.* (quoting *Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1315 (9th Cir. 1982)). We thus recast NAPG's jurisdictional challenge as "one to the subject-matter jurisdiction of an Illinois state court. If an Illinois state court does not have jurisdiction to hear Zahn's claim, then Zahn has failed to state a claim upon which relief may be granted in a federal court sitting in diversity." *Id.*

---

[1] The facts of this case are more thoroughly developed in our original opinion.

No. 15-2332                                                                3

Because we viewed this jurisdictional issue as an important and unsettled matter of state law, we certified the following question to the Illinois Supreme Court:

> Does the ICC have exclusive jurisdiction over a reparation claim, as defined by the Illinois Supreme Court in *Sheffler v. Commonwealth Edison Company*, 955 N.E.2d 1110 (Ill. 2011), brought by a residential consumer against an Alternative Retail Electric Supplier, as defined by 220 ILCS 5/16-102?

*Id.* at 1095. The Illinois Supreme Court answered that question in the negative, holding that an Illinois trial court would have subject-matter jurisdiction over this type of claim. *Zahn v. N. Am. Power & Gas, LLC*, No. 120526, 2016 WL 7007876, at *6–7 (Ill. Dec. 1, 2016). Because the district court had reached the opposite conclusion, it erred in that regard: the district court has jurisdiction to hear this case.

We next address the district court's alternative conclusion that "[e]ven if the Court had jurisdiction over the Complaint, the Court would dismiss the Complaint for failing to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zahn v. N. Am. Power & Gas, LLC*, No. 14 C 8370, 2015 WL 2455125, at *3 (N.D. Ill. May 22, 2015). We first note that the district court may have committed error by addressing the merits after concluding that it did not have jurisdiction to hear the case. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (1 Wall.) 506, 514 (1868)) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). That said, we will not ignore the

4                                              No. 15-2332

court's merits analysis here because doing so would be an obvious waste of judicial resources.

The district court dismissed all three of Zahn's claims, concluding that she had not pled sufficient facts to demonstrate that NAPG violated the Illinois Consumer Fraud and Deceptive Business Practices Act, breached a contract, or was unjustly enriched. "We review *de novo* a district court's dismissal of a complaint for failure to state a claim." *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016). In so doing, we construe the complaint in the "light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the nonmoving party's] favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (internal quotation marks omitted).

In dismissing Zahn's complaint, the district court did not address Zahn's allegation that NAPG promised and their contract reflected a "New Customer Rate" of $.0499 per kilowatt hour. Zahn alleged that NAPG "lures consumers into switching to its electricity supply service by offering teaser rates that are much lower than its regular rates." (R. 2 at ¶ 13.) She alleged that the teaser rate NAPG offered her was $.0499 per kilowatt hour (R. 2 at ¶ 15) and that she never received that initial rate but instead was charged $.0599 per kilowatt hour on her initial bill. (R. 2 at ¶ 18.) She further alleged that "[a]t no time during this period did [NAPG] charge less than $0.05990 per kilowatt hour." (R. 2 at ¶ 18.) That alone, if true, could constitute a breach of contract or a deceptive business practice. Because the district court did not address that allegation, it committed error.

For the foregoing reasons, we REVERSE the district court's decision that it lacked jurisdiction to hear this case,

No. 15-2332 5

VACATE its decision regarding the merits, and REMAND for further proceedings consistent with this opinion.